**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW E. ROTH,

*Plaintiff-Appellee /
Cross-Appellant*,

  v.

FORIS VENTURES, LLC; VALLEJO
VENTURES TRUST U/T/A 2/12/96;
L. JOHN DOERR; ANN DOERR;
AMYRIS, INC.,

*Defendants-Appellants /
Cross-Appellees*.

Nos.  22-16632
          22-16633

D.C. No. 4:21-cv-
04288-YGR

OPINION

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted July 17, 2023
San Francisco, California

Filed November 13, 2023

Before: KIM MCLANE WARDLAW and MILAN D.
SMITH, JR., Circuit Judges, and DOUGLAS L. RAYES,[*]
District Judge.

---

[*] The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[**]

### Securities Law

The panel affirmed in part and reversed in part the district court's order denying defendants' motion to dismiss a derivative action brought by a shareholder of Amyris, Inc., under § 16(b) of the Securities Exchange Act of 1934, which imposes liability for sales and purchases of securities between an issuer of securities and a beneficial owner, director, or officer of that issuer that occur within six months of each other and realize a profit.

Securities and Exchange Rule 16b-3(d)(1) exempts from liability under § 16(b) transactions between an issuer and a director where the issuer's board approves the transaction. Agreeing with the Second Circuit, the panel held that Rule 16b-3(d)(1) does not require the board of directors to approve a transaction for the specific purpose of exempting it from liability.

The panel held that the district court erred by imposing a purpose-specific approval requirement. However, the district court did not err in finding that the Amyris board was aware that defendant John Doerr had an indirect pecuniary interest in the challenged transactions when it approved them. The panel left it for the district court on remand to

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

address whether defendant Foris Ventures, LLC, a beneficial owner of Amyris, was a director by deputation and thus eligible for the Rule 16b-3(d)(1) exemption.

## COUNSEL

Michael D. Celio (argued), Jessica Valenzuela, Kevin J. White, and Paul J. Collins, Gibson Dunn & Crutcher LLP, Palo Alto, California; Jonathan A. Shapiro, Goodwin Procter LLP, San Francisco, California; Robert M. Tiefenbrun, Goodwin Procter LLP, Los Angeles, California; Grant P. Fondo, Goodwin Procter LLP, Redwood City; Daniel R. Adler, Gibson Dunn & Crutcher LLP, Los Angeles, California; for Defendant-Appellant.

Glenn F. Ostrager (argued) and Joshua S. Broitman, Ostrager Chong Flaherty & Broitman PC, New York, New York; William F. Jonckheer and Robert C. Schubert, Schubert Jonckheer & Kolbe LLP, San Francisco, California; for Plaintiff-Appellee.

Kerry J. Dingle, Senior Appellate Counsel; Dominick V. Freda, Assistant General Counsel; Michael A. Conley, Solicitor; Securities & Exchange Commission, Washington D.C.; for Amicus Curiae Securities and Exchange Commission.

# OPINION

M. SMITH, Circuit Judge:

Section 16(b) of the Securities Exchange Act of 1934 imposes liability for sales and purchases of securities between an issuer of securities and a beneficial owner, director, or officer of that issuer that occur within six months of each other and realize a profit. 15 U.S.C. § 78p(b). The statute authorizes the Securities and Exchange Commission (SEC) to exempt certain transactions from liability pursuant to that section. *Id.* Pursuant to this authority, the SEC promulgated Rule 16b-3, which exempts transactions between an issuer and a director where the issuer's board approves the transaction. 17 C.F.R. § 240.16b-3(d)(1).

The primary question presented in this appeal is whether Rule 16b-3 requires the board of directors to approve a transaction for the specific purpose of exempting it from liability. We hold that it does not.[1]

## STATUTORY AND REGULATORY BACKGROUND

Section 16(b) provides, in relevant part:

> For the purpose of preventing the unfair use
> of information which may have been

---

[1] This appeal has been held in abeyance as to Amyris since August 14, 2023, due to the automatic stay imposed by 11 U.S.C. § 362. *See* Docket Entry No. 49. The Clerk will administratively close this appeal as to Amyris. No mandate will issue in connection with this administrative closure, and this opinion does not constitute a decision on the merits as to Amyris. Within 28 days after any change to the automatic stay's effect in this appeal, any party may notify this court and move to reopen the appeal as to Amyris or for other appropriate relief.

> obtained by such beneficial owner,[2] director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) . . . within any period of less than six months . . . shall inure to and be recoverable by the issuer . . . .

15 U.S.C. § 78p(b). This allows securities issuers and their shareholders to file suit for disgorgement of profits from potentially exploitative transactions between the issuer and corporate insiders. *Dreiling v. Am. Online, Inc.*, 578 F.3d 995, 1001 (9th Cir. 2009). The provision imposes strict liability as a prophylactic rule against such abuse. *Id.*

However, Congress also granted the SEC the authority to make rules exempting certain transactions from liability when strict application of Section 16(b) would not serve its intended purpose. 15 U.S.C. § 78p(b). Pursuant to this authority, the SEC promulgated Rule 16b-3, which exempts "[t]ransactions between an issuer and its officers or directors," that are "approved by the board of directors of the issuer." 17 C.F.R. § 240.16b-3(d)(1). As we have recognized, the SEC exempted these transactions because they "'do not appear to present the same opportunities for insider profit on the basis of non-public information as do market transactions by officers and directors.'" *Dreiling v. Am. Online, Inc.*, 458 F.3d 942, 948 (9th Cir. 2006) (quoting *Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, Exchange Act Release No. 34-

---

[2] A "beneficial owner" is a person or entity that owns "more than 10 percent of any class of any equity security." 15 U.S.C. § 78p(a)(1).

37260, 61 Fed. Reg. 30376-01, 1996 WL 324486, at *30377 (June 14, 1996)).

## FACTUAL AND PROCEDURAL BACKGROUND

Amyris is a publicly traded biotechnology company that operates out of California. John Doerr is a member of the Amyris board of directors. Doerr and his wife, Ann Doerr, are also trustees of Vallejo Ventures Trust (Vallejo), which is the member of Foris Ventures, LLC (Foris)—a private investment company that owns over 10% of Amyris common stock and related derivative securities. Doerr indirectly owns all membership interests in Foris.

Foris and Amyris entered into several transactions involving Amyris stock, warrants, and debt between April 2019 and January 2020.[3] The Amyris board of directors approved each of those transactions.

The following year, Andrew Roth, an Amyris shareholder, filed a derivative lawsuit on behalf of Amyris against the Doerrs, Foris, and Vallejo, alleging that those transactions violated Section 16(b) and seeking disgorgement of profits.[4] Defendants moved to dismiss on the basis that, *inter alia*, the relevant transactions were exempt from Section 16(b) liability pursuant to Rule 16b-3 because they were approved by the Amyris board. The district court denied the motion. Relying on an SEC no-action letter, the district court first opined that Rule 16b-3's

---

[3] The district court determined that Roth adequately pled that the transactions constituted purchases and sales pursuant to Section 16(b). No party challenges that finding on appeal.

[4] Roth also sued Barbara Hager, a special trustee of Vallejo and manager of Foris, but the claims against her were subsequently dismissed and are not at issue in this appeal.

exemption covers transactions in which a director has an indirect pecuniary interest, such as those between Amyris and Foris. *See Am. Bar Assoc.*, 1999 WL 61837, at *2 (Feb. 10, 1999). However, the district court held that these transactions were not exempt because the board did not approve the transactions for the specific purpose of exempting them under Rule 16b-3.

The district court subsequently granted a certificate of interlocutory appealability on the sole issue of whether Rule 16b-3 requires a board of directors to explicitly approve transactions for the purpose of exempting them under the Rule. We granted Defendants' petition to appeal (as well as Roth's petition to conditionally cross-appeal).

## JURISDICTION AND STANDARD OF REVIEW

We have interlocutory jurisdiction pursuant to 28 U.S.C. § 1292(b). This jurisdiction "permits [us] to address any issue fairly included within the certified order because it is the *order* that is appealable, and not the controlling question identified by the district court . . . .'" *Deutsche Bank Nat. Trust Co. v. FDIC*, 744 F.3d 1124, 1134 (9th Cir. 2014) (quoting *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012)). "We review a district court's decision to grant or deny a motion to dismiss pursuant to Rule 12(b)(6) *de novo*." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1079 (9th Cir. 2005); *see also Drieling*, 458 F.3d at 954 (reviewing eligibility for Rule 16b-3 exemption to Section 16(b) liability de novo).

## ANALYSIS

### I

Defendants challenge the district court's holding that, for Rule 16b-3(d) to apply, a board of directors must approve a

transaction for the specific purpose of exempting it from Section 16(b) liability. This is the rare case where all parties involved agree that we must reverse. Both Roth and the SEC—which filed an amicus brief in this case—acknowledge that Rule 16b-3 lacks a purpose-specific approval requirement. We agree.

The district court derived its purpose-specific approval requirement from an SEC no-action letter stating that board must specify that its approval was "granted for purposes of making the transaction exempt under Rule 16b-3." *Am. Bar Assoc.*, 1999 WL 61837, at *2. However, courts generally do not defer to no-action letters. *See Gryl v. Shire Pharms. Grp. PLC*, 298 F.3d 136, 145 (2d Cir. 2002) ("SEC no-action letters constitute neither agency rule-making nor adjudication and thus are entitled to no deference beyond whatever persuasive value they might have."); *N.Y.C. Emps.' Ret. Sys. v. SEC*, 45 F.3d 7, 12, 14 (2d Cir. 1995) (explaining that SEC no-action letters "do not bind . . . the courts"). And, in any event, the SEC subsequently disavowed the purpose-specific approval requirement in amicus briefs filed before both the Second Circuit, *see* Brief of the Securities and Exchange Commission, Amicus Curiae, *Gryl*, 298 F.3d 136 (No. 01-9139), 2002 WL 32625905, at *24, and our court in this case.

Rightly so. The text of Rule 16b-3 does not include a purpose-specific approval requirement. The Rule states, in relevant part, that "[a]ny transaction . . . involving an acquisition from the issuer . . . shall be exempt if . . . [t]he transaction is approved by the board of directors of the issuer." 17 C.F.R. § 240.16b-3(d)(1). Simply put, nothing in the regulation indicates that the board must approve the transaction for the specific purpose of exempting it from Section 16(b) liability.

When presented with this same issue, the Second Circuit rejected the argument that Rule 16b-3(d) requires purpose-specific approval of a transaction for the exemption to apply. *Gryl*, 298 F.3d at 144–45 ("We find wholly unpersuasive the artificial imposition of purpose-specific approval on the Board Approval Exemption . . . ."). In so doing, the court observed that "the text of the rule itself contains no suggestion that [a purpose-specific] requirement exists" and "mentions nothing about the subjective motivations of the approving body." *Id.* at 145. Therefore, the court explained, the requirements of the exemption are satisfied "[s]o long as the relevant securities transaction is between an issuer and insider, and so long as the terms and conditions of that transaction receive advance approval by the board of directors." *Id.* at 145–46. We find this interpretation persuasive and hold that Rule 16b-3 does not include a purpose-specific approval requirement.

## II

Notwithstanding that Rule 16b-3 lacks a purpose-specific approval requirement, Roth argues that this case should be remanded for two other reasons. First, Roth argues that remand is required to determine whether the Amyris board knew about and acknowledged Doerr's pecuniary interest in the challenged transactions when approving them. But the district court explicitly found that the Amyris board evinced awareness of the existence and extent of Doerr's indirect interest in the transactions. SEC regulations define "pecuniary interest" as "the opportunity, directly or indirectly, to profit or share in any profit derived from a transaction." 17 C.F.R. § 240.16a-1(a)(2)(i). The complaint straightforwardly recognizes that "[Doerr] indirectly owns all membership interests in [Foris.]" Furthermore, SEC filings show that the Amyris board

considered Doerr's indirect ownership of all of the membership interests in Foris when approving the transactions. Those filings also include Amyris shares owned by Foris in calculating Doerr's beneficial ownership of the company. This is sufficient to establish the board's knowledge of Doerr's indirect pecuniary interest in the challenged transactions. The district court did not err in so finding.

Second, the parties dispute whether Rule 16b-3 exempts Foris—a beneficial owner of Amyris—from Section 16(b) liability in the first place. Roth argues that because Section 16(b) imposes liability for transactions between issuers and beneficial owners while Rule 16b-3(d) exempts transactions between issuers and directors or officers (but not beneficial owners), Foris is only eligible for the exemption if it can show that it is a "director by deputization." "[A] corporation may be a virtual director, and thus an insider for purposes of § 16(b) liability, by deputizing a natural person to perform its duties on the board." *Dreiling*, 458 F.3d at 952 (citation omitted). Because companies may incur Section 16(b) liability as directors by deputization, our court has recognized that they may also invoke the Rule 16b-3(d) exemption where the board is aware of the deputization. *Id.* at 953–54. However, "[w]hether a company is a director by deputization is a question of fact to be settled case by case and not a conclusion of law." *Id.* at 952 (quotation marks and citation omitted); *see also Strom v. United States*, 641 F.3d 1051, 1060 (9th Cir. 2011) ("[T]he applicability of § 16(b) often will turn on factual issues not appropriately resolved on a motion to dismiss."). The district court determined that the complaint and the judicially noticed documents did not suffice to show that Foris was a director by deputization at the motion to dismiss stage. We agree and

therefore remand the case to the district court for further proceedings to determine whether Foris was a director by deputization.

We do not now address the related issue of whether the challenged transactions are exempt under Rule 16b-3 regardless of whether Foris is a director by deputization because Rule 16b-3(d) exempts entire transactions, rather than specific defendants, from Section 16(b) liability. This argument was never squarely addressed by the district court. "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). "As a federal court of appeals, we must always be mindful that we are a court of review, not first view." *Shirk v. United States ex rel. Dep't of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014) (quotations and citations omitted). Accordingly, we leave it to the district court to address this potentially dispositive issue in the first instance. *See Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc) ("A standard practice . . . is to remand to the district court for a decision in the first instance without requiring any special justification for so doing.").

## CONCLUSION

The district court erred by imposing a purpose-specific approval requirement in its Rule 16b-3(d) exemption analysis. However, contra Roth's argument, it did not err in finding that the Amyris board was aware that Doerr had an indirect pecuniary interest in the challenged transactions when it approved them. Finally, because the issue of whether Foris is a director by deputization is a question of fact, we remand the case, except as to Amyris, to the district court for further proceedings to determine whether Foris was

a director by deputization.  The appeal as to Amyris is closed for administrative purposes.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

The parties shall bear their own costs.